## CHARLES V. LODGE

### v.

## L, GATZ & CO.

INSTRUCTIONS—*errors in, will not always be cause to reverse.* Although the law of a case may not be accurately stated in instructions given for the successful party, yet, if the law is clearly and forcibly given in the

instructions for the other party, so that the court can see that the jury were not misled by the faulty instructions, the judgment will not be reversed.

APPEAL from the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Mr. JOHN G. WOOLLEY, and Mr. JAMES A. EADS, for the appellant.

Messrs. SELLORS & DALE, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action, brought by the appellees against appellant, to recover for a bill of goods furnished to one Odenbaugh, who was, at the time, in the employ of appellant.

The cause was tried before a jury in the county court of Edgar county, the trial resulting in a verdict in favor of appellees, for $111. Appellant prosecuted an appeal to the circuit court, where the judgment rendered in the county court was affirmed. Appellant brings the record here, and relies upon two grounds to obtain a reversal of the judgment:

*First*—That the verdict is not sustained by the evidence.

*Second*—That the court erred in giving instructions Nos. 1 and 2 for appellees.

The evidence introduced by appellees tends to prove the goods in question were furnished to Odenbaugh, by virtue of an agreement, previously made, by which appellees were to furnish appellant and his employees goods, which were to be paid for by appellant.

The testimony of appellant tends to prove that no agreement was made by which he should be responsible for the goods.

The evidence upon this point, which was the vital question in the case, was conflicting, which it was the province of the jury to reconcile. And while we are free to concede, the testimony is not as satisfactory in favor of appellees' theory of the case as we could desire, yet, in view of the conflicting

18—76TH ILL.

character of the evidence, and the further fact that the questions of fact were submitted in the county court to three juries, and each returned a verdict in favor of appellees, we do not feel disposed to interfere with the verdict of the jury.

The instructions given for appellees, to which exceptions were taken, are as follows:

"1st. The court instructs the jury, that if they believe, from the evidence in this case, that Lodge promised to pay the account sued upon, or any part thereof, to Gatz & Co., and that, upon the faith of such promise, Gatz & Co. sold the goods which make up the account, then such promise is an original promise, and is not within the Statute of Frauds, but renders Lodge liable to pay the whole of such account, or such part thereof as he thus promised to pay.

"2d. If the jury believe, from the evidence, that the goods, or any part thereof, charged in this account, were furnished to Odenbaugh upon the promise of Lodge to pay for the same, then Lodge is liable in this action to pay for the same, or such part thereof as were so furnished."

While the law involved in the case was not accurately stated in these instructions, yet, we are satisfied the jury were not misled by them. We are more free to adopt this view, from the fact that the law was clearly and forcibly given to the jury in the instructions of appellant.

Perceiving no substantial error in the record, the judgment will be affirmed.                    *Judgment affirmed.*